# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAMARKUS JEFFRIES,**

        Plaintiff,                      CIVIL ACTION NO. 09-CV-13126

    vs.

                                                  DISTRICT JUDGE GEORGE CARAM STEEH

**JENNIFER PUTNAM-BUCK,**         MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) or in the Alternative, Motion for Summary Judgment (docket no. 11) be **GRANTED**, Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED**, and Plaintiff's Complaint be dismissed.

**II.    REPORT**:

These matters come before the Court on the Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed by the Defendant (docket no. 11), and the Motion for Summary Judgment filed by the Plaintiff. (Docket no. 12). Defendant has not filed a response to the Plaintiff's Motion for Summary Judgment and the time for responding has expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

**A.  Factual Background and Claims**

Plaintiff, a Michigan state prisoner, filed this *pro se* action pursuant to 42 U.S.C. § 1983

1

against Defendant Jennifer Putnam-Buck on August 7, 2009, asserting claims of retaliation in violation of his First Amendment rights. Plaintiff alleges in his Complaint that he is involved in litigation against the MDOC. He states that on or around April 30, 2007 he had a meeting with his attorney regarding the pending MDOC lawsuit. He states that after the meeting, on May 2, 2007, Defendant overheard him talking with other inmates about his claims against the MDOC and ordered him to segregation because of his involvement in the lawsuit. As a result of being placed in segregation, Plaintiff claims that he was given a continuance by the Parole Board, removed from school, lost pay, and suffered emotional distress. He seeks $9,000 in compensatory and punitive damages against Defendant in her individual capacity.

The record evidence shows that on May 2, 2007 Defendant issued a major misconduct ticket against Plaintiff for threatening behavior after he refused her order to return to his housing unit, looked her in the eye, and stated "I'll beat your ass." (Docket no. 11, Ex. 1). A hearing on the misconduct ticket was held on May 11, 2007. (Docket no. 11, Ex. 1). During the hearing, Plaintiff claimed that the Defendant issued the misconduct ticket in retaliation for his involvement with the MDOC lawsuit. The Hearing Officer concluded that Plaintiff's assertions lacked merit. Plaintiff was found guilty of major misconduct and was penalized with twenty days of detention and loss of privileges. (Docket no. 11, Ex. 1). Plaintiff filed a grievance related to the misconduct, alleging that he was wrongfully issued the misconduct in retaliation for his participation in the pending MDOC lawsuit. The grievance was rejected at all three stages of the grievance process because it involved a non-grievable issue. Plaintiff was notified that the proper avenue of recourse was to appeal the misconduct decision to the Hearings and Appeals division. (Docket no. 11, Ex. 1). On October 23, 2007, Plaintiff's request for rehearing was denied because he offered no evidence to support his

claim of retaliation. (Docket no. 11, Ex. 1). Approximately two years later, Plaintiff filed this lawsuit. Defendant responded to the Complaint by filing the instant motion. Plaintiff then filed a Motion for Summary Judgment, arguing that this matter should be set for trial based on the many factual disputes remaining in this action. (Docket no. 12).

**B. Governing Law**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.    Analysis**

1. *Heck v. Humphrey*

Defendant argues that she is entitled to dismissal because a grant of relief to Plaintiff would imply the invalidity of the prior disciplinary action in violation of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 claim for damages is not cognizable if a judgment for the movant would "necessarily imply" the invalidity of a prior conviction or sentence, unless the movant can show that the underlying conviction or sentence has been invalidated, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the rule of *Heck* to bar § 1983 actions that challenge procedures, including those for misconduct violations, which imply unlawful confinement. Subsequently, in *Muhammad v. Close,* 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Id.* at 754-55.

Plaintiff claims that as a result of being found guilty of major misconduct he was given a continuance by the parole board. (Docket no. 1). In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the Sixth Circuit observed that the loss of disciplinary credits, as opposed to good time credits, does not affect when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge. *Id.* at 440. Since prison officials retain discretion over whether parole should or should not be granted, a loss of disciplinary credits and corresponding modification in parole eligibility does not necessarily affect when a sentence expires or is completed. *Id.* at 439-40. Hence, because it appears in the instant case that Plaintiff's misconduct violation affected his eligibility for parole, and not the length of his underlying sentence, under the reasoning of *Thomas v. Eby*, it is

4

recommended that the Court find that Plaintiff's § 1983 claim is not barred by *Heck* and *Edwards*.

2. Retaliation Claim

To establish a claim of retaliation, a plaintiff must show: (1) that he engaged in protected conduct; (2) he suffered adverse action that would deter a person of ordinary firmness from engaging in the protected conduct; and (3) a causal link between the first two elements, that is that the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Because the Defendant does not dispute that the Plaintiff was engaged in protected conduct, the Court should find that the first element has been met.

Plaintiff must show that he suffered an adverse action that would deter a person of ordinary firmness from engaging in the protected conduct. In *Thomas v. Eby*, 481 F.3d at 441, the Court opined that "[b]ecause inmates convicted of major-misconduct charges lose their ability to accumulate disciplinary credits for that month, inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets." Following this reasoning, the Court should find that there remains unresolved questions of fact with regard to the second element of Plaintiff's retaliation claim.

Next, Plaintiff must show that the issuance of the major misconduct ticket was motivated at least in part by Plaintiff's participation in litigation against the MDOC. Plaintiff states in his affidavit that the misconduct report was false. (Docket no. 12, Plaintiff's affidavit). The affidavit states that the Defendant overheard him talking about his legal claims against the MDOC "or none of this would have happen[ed]." (Docket no. 12, Plaintiff's affidavit). The affidavit further states that Defendant asked Plaintiff if he were some kind of "smart ass Jailhouse lawyer," then ordered him to segregation as he proceeded to the yard. (Docket no. 12, Plaintiff's affidavit).

5

A proven infraction of prison rules generally entitles a defendant to summary judgment on First Amendment retaliation claims arising out of the violation. *Thomas v. Eby*, 481 F.3d at 442. Moreover, Defendant is entitled to summary judgment if she demonstrates that she "would have taken the same action even without the protected activity." *Id*. at 441-42. "[B]are allegations of malice" are insufficient to establish a constitutional claim. *Thaddeus-X,* 175 F.3d at 399 (citation omitted).

Plaintiff asserts in conclusory fashion that he was retaliated against for participation in a protected activity. However, other than his own affidavit, in which he states that the Defendant overheard him discussing his MDOC claims "or none of this would have happen[ed]," he has failed to present evidence demonstrating that the protected conduct was a factor in Defendant's decision to charge him with a major misconduct violation. There is no evidence in the record to suggest that Defendant was named in Plaintiff's pending lawsuit against the MDOC. The record evidence shows that Plaintiff was issued the major misconduct ticket for threatening the Defendant. Plaintiff has presented no evidence to show otherwise.

Plaintiff's claim of retaliation is premised entirely on bare allegations of malice. In light of the evidence submitted by the Defendant, it is recommended that Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment be granted, Plaintiff's Motion for Summary Judgment be denied, and Plaintiff's Complaint be dismissed.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 9, 2010             s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon DaMarkus Jeffries and Counsel of Record on this date.


Dated: July 9, 2010             s/ Lisa C. Bartlett
                                Case Manager

7